Filed 6/12/14  P. v. O'Connor CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>TIMON M. O'CONNOR,<br><br>        Defendant and Appellant. | A139457<br><br>(San Francisco City & County<br>Super. Ct. No. 220235) |

Defendant Timon M. O'Connor appeals from the trial court's denial of a preplea motion to suppress evidence. After the suppression motion was denied, defendant pled guilty to unlawful possession of a firearm, and was placed on probation. Defendant filed a timely notice of appeal, and appellate counsel was appointed to represent him. Appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), in which she raises no issue for appeal and asks this court for an independent review of the record. (See also *People v. Kelly* (2006) 40 Cal.4th 106, 124 (*Kelly*).) Counsel advised defendant of his right to file a supplemental brief and we subsequently granted his motion, filed on defendant's behalf, for an extension of time for defendant to file a supplemental brief. Defendant filed his supplemental brief on April 16, 2014.

We have examined the entire record in accordance with *Wende* and considered the matters raised in defendant's supplemental brief. Having done so, we conclude that no arguable issue exists on appeal and affirm.

1

On April 22, 2013, a complaint was filed charging defendant with four felonies: (1) possession of a firearm by a felon, in violation of Penal Code,[1] section 29800, subdivision (a)(1); (2) unlawful possession of a concealed firearm in a vehicle, in violation of section 25400, subdivision (a)(1); (3) unlawful possession of a concealed firearm in a vehicle, in violation of section 25400, subdivision (a)(1); and (4) possession of controlled substances where prisoners are kept, in violation of section 4573.6. On April 23, 2013, the prosecution moved to amend the complaint by replacing "marijuana" with "oxycodone" in count four due to a scrivener's error.

On April 23, 2013, defendant filed a motion to suppress evidence pursuant to section 1538.5. The prosecution filed an opposition to that motion on May 1, 2013.

At the start of the preliminary examination held on May 21, 2013, the magistrate granted the prosecution's motion to amend the complaint. The motion to suppress was litigated and denied by the magistrate. The magistrate held defendant to answer for all four counts in the complaint.

Subsequently on May 31, 2013, the prosecution filed an information charging defendant with the same four counts as previously charged in the complaint. On June 25, 2013, defendant filed a motion to set aside the information pursuant to section 995, alleging that the evidence introduced at the preliminary hearing in support of the charges had been seized in violation of the Fourth Amendment of the United States Constitution.

At a hearing on July 10, 2013, the prosecution moved to amend the information to add a fifth count, unlawful possession of a firearm by one restricted from doing so by a condition of probation, a felony violation of section 29815, subdivision (a). Defendant waived his constitutional rights, and pled guilty to this offense, and the prosecution dismissed the other four counts.

Sentencing was held on August 7, 2013. In accordance with a plea bargain, the court suspended imposition of sentence and placed defendant on probation for three

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

years.  Defendant was ordered to serve 84 days in jail, with credit for 84 days already served.  The court informed defendant that if he remained arrest free for one year, he could petition the court to reduce the offense to a misdemeanor and the court would grant that petition.  The same day defendant filed a timely notice of appeal indicating that he was challenging the denial of the motion to suppress.

## FACTUAL BACKGROUND

At the suppression hearing, San Francisco Police Officer Craig Farrell testified that on the afternoon of April 18, 2013, he was on duty in his marked patrol car along with a California Highway Patrol Officer.  They were in the area of Cesar Chavez Street on the 101 northbound on-ramp.

Officer Farrell observed a green four-door Mazda traveling on the freeway.  The driver was speeding, coming to quick stops behind other vehicles, passing abruptly without signaling, and weaving in and out of traffic.  Farrell followed the Mazda.  The driver continued these driving maneuvers, so Farrell activated his patrol car's emergency lights to initiate a vehicle stop.

Before activating the emergency lights, Farrell saw at least two people in the Mazda; the driver, later identified as Mr. Segal; and the passenger, later identified as defendant.  Mr. Segal appeared to be "bouncing all over," as though he were listening to music, while defendant was sitting still.  After Officer Farrell activated his patrol car's lights and directed the driver to exit the freeway, he noticed the passenger, defendant, moving around in his seat "as if he was putting things in certain places or different places in the passenger's compartment of the front seat."  Farrell could only see defendant's head and shoulders.  The driver exited the freeway and stopped as directed.

Officer Farrell approached the driver's side window and asked the driver for his license.  While doing so, he observed that defendant, the only passenger in the car had placed his fingers of his left hand in the gap between the center console and the passenger seat.  Defendant's entire hand never went into the space, only his fingertips.  As Officer Farrell talked to the driver, he observed defendant place his fingers into the space at least three times.  Officer Farrell then asked defendant for identification.  Defendant pulled a

3

stack of cards from his pocket and began flipping through them, unable to find his driver's license. Officer Farrell observed a card that he believed was defendant's license and told him so. Defendant handed the license to Farrell.

Officer Farrell took the licenses obtained from defendant and the driver back to his patrol car to check their possible prior criminal histories on the patrol car's mobile computer. The computer reported that defendant had a criminal history, including a "prior" for carrying a concealed firearm and a prior arrest for attempted murder, both since 2006. After observing the movement of defendant's fingers and learning of his prior for possession of a firearm, Officer Farrell returned to the stopped car with the intention of removing the occupants and searching the area where defendant had placed his fingers.

Upon returning to the Mazda, Officer Farrell saw that defendant's hand continued to go back and forth into the seat area, in the console area, between the seat and the console area where "that little cushion goes against the cons[ole]." Officer Farrell decided to remove both occupants from the vehicle so that he could check the area where defendant had placed his fingers. Officer Farrell asked defendant to get out of the car. Defendant hesitated, and Officer Farrell "unsnapped" his weapon and asked defendant to step out of the vehicle again. Defendant complied. Officer Farrell had defendant and the driver step to the rear of the vehicle and get "down on the ground." Officer Farrell approached the vehicle on the passenger's side, went in between the cushion and the console of the vehicle and pulled out a .25 automatic handgun.

At the conclusion of the suppression hearing, the magistrate found that under the circumstances, Officer Farrell had sufficient reasonable cause to stop the car and then search the interior of the Mazda. The magistrate denied the motion to suppress.

### DISCUSSION

Substantial evidence supports the magistrate's finding that Officer Farrell had reasonable cause to stop the vehicle for erratic driving (cf. *People v. Logsdon* (2008) 164 Cal.App.4th 741, 744 [lane change made without signaling provides legal basis for traffic stop]), and that the subsequent limited search of the passenger area of the vehicle was a

4

reasonable precaution under the circumstances. (See *Michigan v. Long* (1983) 463 U.S. 1032, 1049–1050 ["search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief based on 'specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant' the officers in believing that the suspect is dangerous and the suspect may gain immediate control of weapons"].)

In his supplemental brief, defendant contends Officer Farrell's credibility is fatally undermined by his questionable powers of recollection, abilities of perception, and method of conducting the stop and search. In this regard, defendant asserts that at the preliminary hearing Officer Farrell stated the car was green (after refreshing his recollection from the police report) when it was actually silver, and that from Farrell's viewpoint looking into the vehicle the center consul would have blocked his view of any furtive hand movements; defendant also questions why Officer Farrell did not immediately conduct a patdown search rather than shepherding him and the driver to the rear of the vehicle before searching the vehicle. By denying the motion to suppress, however, the trial court impliedly found that the officer's testimony was true, and as an appellate court we have no authority to interfere with that credibility determination. (See *People v. James* (1977) 19 Cal.3d 99, 107 ["[p]ower to judge credibility of witnesses . . . is vested in the trial court"].) Furthermore, in assessing the reasonableness of an officer's conduct for Fourth Amendment purposes, we decline to "second guess split-second decisions of officers faced with potentially dangerous situations" (*Tamborino v. Superior Court* (1986) 41 Cal.3d 919, 925), such as whether under the circumstances presented here the search for weapons should involve a patdown search of the detainees or a limited search of the passenger area of the vehicle.

Defendant also claims he asked trial counsel to "switch courtrooms due to the bias[es] and prejudice" of the trial court judge. To the extent defendant is asserting ineffectiveness of counsel on this ground, the claim is entirely without merit because defendant cannot demonstrate prejudice, having failed to produce any evidence of

5

prejudicial treatment at the hands of the trial judge or to show how any loss of a Code of Civil Procedure section 170.6 motion deprived him of a defense. (Cf. *People v. Lee* (2002) 95 Cal.App.4th 772, 780 [rejecting ineffective assistance of counsel claim based on counsel's failure to file a Code of Civil Procedure section 170.6 motion].)

In sum, having reviewed the entire record and considered the matters raised in defendant's supplemental brief, we conclude there are no arguable issues requiring further briefing. (See *People v. Kelly, supra,* 40 Cal.4th at p. 124.)

DISPOSITION

The judgment is affirmed.

6

_____
                                  Becton, J.*

We concur:


_____
 Margulies, Acting P.J.


_____
 Dondero, J.


*People v. O'Connor, A139457 (Wende)*

7